IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELISSA BOUDREAUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:08-1124 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| JPMORGAN CHASE & CO. and ) | |
| DONNA RUMPLER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff Melissa Boudreaux's ("Plaintiff") Motion to Remand ("Plaintiff's Motion") (Doc. No. 10) and Memorandum in Support (Doc. No. 11). Defendant JPMorgan Chase ("Chase") filed a Memorandum in Response (Doc. No. 19), and Plaintiff filed a Reply to Defendant's Response (Doc. No. 24). Also pending before the Court is Defendant Donna Rumpler's ("Ms. Rumpler") Motion to Dismiss. (Doc. No. 6.) For the reasons discussed herein, Plaintiff's Motion is **GRANTED**, and the case is **REMANDED** to the Chancery Court for Williamson County.

### I. BACKGROUND

Plaintiff originally filed suit against Defendants Chase and Ms. Rumpler in the Chancery Court for Williamson County, Tennessee on October 13, 2008. (Doc. No. 1, Ex. A.) Chase terminated Plaintiff's employment in September 2008. (Id. ¶ 16.) In addition to Plaintiff's claims against Chase, Plaintiff alleges that Ms. Rumpler, a former manager at Chase,

1

intentionally interfered with Plaintiff's contractual relationship with Chase and Plaintiff's business relationships with various home builders and borrowers. (Id. ¶ 21.)

Plaintiff and Ms. Rumpler are both citizens of Tennessee. (Id. at ¶¶ 1, 4.) Chase is a Delaware corporation with its principal place of business in New York City, New York. (Id. ¶ 3.) Chase removed the case to federal district court under diversity jurisdiction on November 21, 2008, claiming that Ms. Rumpler is not a proper party to the litigation. (Doc. No. 1.) Chase alleges that the citizenship of the proper parties, Plaintiff and Chase, is completely diverse, and therefore the federal court has diversity jurisdiction under 28 U.S.C. § 1332(a). (Id. at 3.) Plaintiff now moves to remand this action to state court. (Doc. No. 10.)

**II.     LEGAL STANDARD**

The federal removal statute grants civil defendants the right to remove a case from state court to federal district court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441 (2010). The removing defendant bears the burden of establishing federal jurisdiction. Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999). For removal based upon diversity of jurisdiction, a defendant must prove complete diversity of the parties both at the time that the suit was initiated and at the time of removal. Id.

A removing defendant may avoid remand to state court by demonstrating that the non-diverse party was fraudulently joined. Id. The question is whether there is at least a colorable basis for the state law claims against the non-diverse defendant. Id.; Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1999); Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). In other words, "'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" Alexander,


Case 3:08-cv-01124   Document 29   Filed 07/19/10   Page 2 of 6 PageID #: 335

13 F.3d at 949 (quoting Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968)). The inquiry for fraudulent joinder is even more deferential to a plaintiff than the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999).

When ruling on a motion to remand, a court generally looks to the pleadings. Gentek Building Prods., Inc. v. Steel Peel Litigation Trust, 491 F.3d 320, 330 (6th Cir. 2007). However, when deciding whether a plaintiff has fraudulently joined a non-diverse defendant, the court may look beyond the pleadings and employ a "summary-judgment-like procedure" to examine additional evidence for fraud. Id. A court may only engage in such a factual inquiry regarding the allegations of the complaint when the facts do not implicate the merits of the plaintiff's claim. Id. Further, any disputed factual questions or ambiguities in the controlling state law should be resolved in favor of remand. Harnden v. Jayco, Inc., 496 F.3d 579, 581 (6th Cir. 2007); Coyne, 183 F.3d at 493. "If there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." Coyne, 183 F.3d at 493.

### III.   ANALYSIS

The Court finds that under the extremely deferential standard for remand, Plaintiff has alleged at least one colorable claim against Ms. Rumpler. Plaintiff's complaint alleges that Ms. Rumpler improperly interfered with her business relationships in violation of Tennessee common law. (Doc. No. 1, Ex. A ¶ 21.) The elements of a common law claim of tortious interference with business relationships are: (1) an existing or prospective business relationship with specific third parties; (2) defendant's knowledge of that relationship beyond a mere awareness of general

3

dealings; (3) defendant's intent to cause the breach or termination of the business relationship; (4) defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. Trau-Med of America v. Allstate Insurance Co., 71 S.W.3d 691, 701 (Tenn. 2002). Plaintiff alleges that Ms. Rumpler intentionally and maliciously made false statements about Plaintiff to specific third parties with which Plaintiff had existing business relationships. (Doc. No. 1, Ex. A ¶ 21.) Plaintiff alleges that Ms. Rumpler was aware of the specific business relationships and acted with improper motives in order to cause them to terminate. (Id.) Plaintiff further alleges that she suffered monetary and reputational losses as a result of Ms. Rumpler's actions. (Id.) Thus, Plaintiff has plead all of the elements of the claim for intentional interference with business relationships, and there is arguably a reasonable basis for predicting that the Tennessee common law might impose liability upon Ms. Rumpler. Alexander, 13 F.3d at 949.

Chase argues that Plaintiff did not have relationships with the third parties outside of the scope of her employment. This is a factual question which implicates the merits of Plaintiff's claim, and at this stage the Court must therefore resolve it in favor of Plaintiff. Harnden, 496 F.3d at 581; Coyne, 183 F.3d at 493. Chase also argues that Ms. Rumpler could not have interfered because she was acting as Chase's agent. Chase presents substantial law on this matter in regard to Plaintiff's claim of statutory interference with her employment contract. However, the Court is not aware of any law that this is an automatic bar to the common law claim of interference with business relationships. Chase further argues that Plaintiff did not plead certain elements of the interference claim with the required specificity. This is more appropriately considered at the motion to dismiss stage of litigation. Chase relies on TIG Ins. Co. v. Titan Underwriting Managers, LLC, in which the Tennessee Court of Appeals dismissed a complaint

for inadequate pleading of a tortious interference claim. No. M2007-01977-COA-R3-CV, 2008 WL 4853081, at *4 (Tenn. Ct. App. Nov. 7, 2008). However, TIG was decided as a motion to dismiss, while the standard for considering fraudulent joinder and remand is more deferential to plaintiffs. Hartley, 187 F.3d at 424. At least one of Plaintiff's claims reaches the minimal requirement of a colorable claim against Ms. Rumpler. Accordingly, the Court must remand this action to state court for further proceedings. Coyne, 183 F.3d at 493. Because the case must be remanded, the Court no longer retains jurisdiction to rule on Ms. Rumpler's Motion to Dismiss.

### IV.     PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

Upon remand, the district court may require payment of costs, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c) (2010). When exercising its discretion to award fees, the court must be faithful to the purposes of § 1447(c). Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The purpose is not to deter removal itself, but to deter frivolous removal with the intention of prolonging litigation or imposing costs on the opposing party. Id. at 140. Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141.

The Court finds that Chase had a reasonable basis for seeking removal. Plaintiff's first claim against Ms. Rumpler, a violation of Tennessee state code, is only one sentence of a twenty-six paragraph compliant. (Doc. No. 1, Ex. A ¶ 21.) Additionally, it appears that Defendant did not realize that Plaintiff's second claim of interference with her business relationships was a claim under Tennessee common law rather than under the Tennessee statute. Accordingly, Defendant was evaluating Plaintiff's allegations against the requirements of the statutory claim

5

rather than the appropriate common law claim at the time of removal. This is not unreasonable, as the common law claim immediately follows the statutory claim in the same paragraph of the Complaint, and the Complaint does not clearly differentiate the two. (Doc. No. 1, Ex. A ¶ 21.)

Further, the extreme deference of the standard for remand is not clear in Sixth Circuit law. The Court finds no evidence that Defendant had improper motives of prolonging this litigation or imposing unnecessary costs upon Plaintiff. Thus, the Court finds that an award of attorney's fees is not appropriate in this case. Plaintiff's request for attorney's fees is denied.

## V. CONCLUSION

The Court finds that there is arguably a reasonable basis for predicting that Plaintiff may be able to recover on at least one cause of action against Ms. Rumpler. Therefore, this Court's diversity jurisdiction is destroyed. The Court no longer retains jurisdiction over the case, including Ms. Rumpler's Motion to Dismiss. Plaintiff's Motion to Remand is **GRANTED** without an award for attorney's fees and the Clerk shall **REMAND** this case to the Chancery Court for Williamson County, Tennessee.

It is so ORDERED.

Entered this the ___16th_____ day of July, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT